NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK W. RICHARDSON, | No. 23-3130 |
| Plaintiff - Appellant, | D.C. No. 2:20-cv-00923-LK |
| v. | |
| UNITED STATES DEPARTMENT OF LABOR, Office of Workers Compensation Programs (OWCP); SANDRA E. TYUS, Claims Examiner; TRACY A. JOHNSON, OWCP Chief of Operations; CRAIG DUNN; JANE DOE; JOHN DOE; JONAS MALM, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Submitted May 21, 2025[**]

Before: SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Frederick W. Richardson appeals pro se from the district court's judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging that delays by the Office of Workers' Compensation Programs ("OWCP") deprived him of his right to procedural due process. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Crowe v. Or. State Bar*, 989 F.3d 714, 724 (9th Cir. 2021) (sovereign immunity); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Council of Ins. Agents & Brokers v. Molasky-Aramn*, 522 F.3d 925, 930 (9th Cir. 2008) (standing). We affirm.

The district court properly determined that Richardson lacked standing for his claims for injunctive relief because Richardson failed to allege facts sufficient to show a likelihood of future injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (explaining that a plaintiff's standing to seek injunctive relief depends on whether he is likely to suffer future injury from the actions complained of).

The district court properly dismissed Richardson's claim for damages against OWCP because those claims are barred by sovereign immunity. *See Balser v. Dep't of Just., Off. of the U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (explaining that the "United States . . . is immune from suit unless it has waived its immunity").

23-3130

To the extent Richardson sought to bring claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against OWCP employees in their individual capacities, the district court properly dismissed these claims because a *Bivens* remedy is not available. *See Egbert v. Boule*, 596 U.S. 482, 491-93 (2022) (explaining that recognizing a cause of action under *Bivens* is a "disfavored judicial activity" and that the presence of "an alternative remedial structure" precludes recognizing a *Bivens* cause of action in a new context (citations omitted)).

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**